IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**TIMOTHY PATRICK DUNIGAN,** :
          **Petitioner,** :
      **v.** :   **Civ. No. 17-5314**
:
**SUPERINTENDANT MICHAEL CLARK,** *et al.*, :
          **Defendants.** :

## O R D E R

*Pro se* Habeas Petitioner Timothy Patrick Dunigan challenges the consecutive sentences the state court imposed for sex crimes committed as a juvenile and as an adult. (Doc. No. 1); 28 U.S. § 2254.  I will accept Magistrate Judge Lloret's Report and Recommendation (to which no objections have been filed) and deny relief.  Dunigan repeatedly raped and assaulted his younger cousin for some ten years.  (See Doc. No. 10 (citing Tr. of September 18, 2015 Sentencing Hearing, pp. 55, 58–59).).  The abuse began when Dunigan was 10—and his victim was in kindergarten—and continued until Dunigan's arrest at age 19.  (Id.)  After a bench trial, Dunigan was convicted and sentenced to an aggregate term of 20 to 44 years' incarceration.  (Tr. of September 18, 2015 Sentencing Hearing, pp. 76–78.)

Dunigan now contends that the sentencing judge "abused its discretion in imposing consecutive sentences upon [Dunigan] for acts committed as both a juvenile and an adult, despite [Dunigan's] age at the initial time[] of [sic] these acts and [Dunigan's] age at… sentencing, which resulted in a manifestly unreasonable sentence and an Eighth Amendment violation."  (Doc. No. 1); 28 U.S.C. § 2254.  The Commonwealth responds that I should dismiss the Petition because Dunigan improperly challenges the state court's exercise of discretion; it does not address the Eighth Amendment claim.  (Doc. No. 6)

Judge Richard A. Lloret recommends denying relief because Dunigan's "abuse of discretion" claim is not cognizable, and because his Eighth Amendment claim is both procedurally

defaulted and substantively meritless. (Doc. No. 10.) Dunigan has filed no objections. Having reviewed Judge Lloret's Report, I will adopt his recommendation.

Judge Lloret correctly concluded that because Dunigan's abuse of discretion claim raises only state law question, I may not address it. (Doc. No. 10 (citing Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (violations of state law are not grounds for federal habeas relief); see also Rivera v. Goode, 540 F. Supp. 2d 582, 601 (E.D. Pa. 2008) ("a federal habeas court is not authorized to review the discretionary aspects of a state court sentence") (citing cases). There is thus no federal basis to address this claim.

Dunigan has procedurally defaulted his Eighth Amendment claim. In challenging his sentence, Dunigan raised only the abuse of discretion claim in the Pennsylvania Court of Common Pleas and in the Pennsylvania Superior Court. (See Doc. No. 10 (summarizing appellate history)). (Id.) Any subsequent appeal is now time barred. 234 Pa. Code R. 720. His Eighth Amendment claim is thus procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 748 (1991) ("[A] state procedural default of any federal claim will bar federal habeas unless the petitioner demonstrates cause and actual prejudice.") (citation omitted).

In any event, Dunigan's Eighth Amendment Claim is meritless. "A district court may deny a petition on the merits, rather than requiring complete exhaustion, if it appears unequivocally that the petitioner has not raised a colorable federal claim." Faulkner v. Pennsylvania Dep't of Corr., 221 F. Supp. 2d 560, 563 (E.D. Pa. 2002) (citing Lambert v. Blackwell, 134 F.3d 506, 514–15, 517 (3d Cir.1997); Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir.1992)).

The Eighth Amendment prohibits punishment that violates "evolving standards of decency." Graham v. Florida, 560 U.S. 48, 58 (2010) (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976). In relevant part, it thus prohibits "extreme sentences that are grossly disproportionate

to the crime." Id. (quoting Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J. concurring) (internal quotation marks omitted)).

There is nothing in the record to suggest that the sentence here is disproportionate to the crimes Dunigan committed.  Dunigan raped his younger cousin repeatedly for almost a decade, beginning when the victim was in kindergarten.  (See Tr. of September 18, 2015 Sentencing Hearing pp. 55–60.)  He threatened to break both her arms, to rape her more violently, or to kill her if she disclosed his conduct to anyone.  (Id.)  Although he committed some of his crimes occurred while he was a juvenile, Dunigan's conduct continued as an adult until his arrest.  (Id.) As Judge Lloret notes, the Supreme Court has upheld more severe sentences for significantly less severe crimes.  (Doc. No. 10; see also Lockyer v. Andrade, 538 U.S. 63, 72 (2003) (life sentence for conviction on two counts of petty theft pursuant to three-strikes law did not violate the Eighth Amendment); Harmelin v. Michigan, 501 U.S. 957, 957 (1991) (mandatory life sentence for possession of more than 650 grams of cocaine did not violate the Eighth Amendment). Nor does this case implicate Miller v. Alabama, as Dunigan argues:  Dunigan is not a juvenile, and was not sentenced to life without parole.  567 U.S. 460 (2012) (mandatory life without parole sentence for juveniles violates Eighth Amendment).  His Eighth Amendment claim is thus meritless.

I will adopt Judge Lloret's Recommendation, and deny Dunigan's § 2254 Petition with prejudice.

**AND NOW**, this 26th day of May, 2020, upon careful and independent consideration of Timothy Dunigan's *pro se* Petition for *Writ of Habeas Corpus* (Doc. No. 1), Respondents' Response to Petition for *Writ of Habeas Corpus* (Doc. No. 9), Judge Lloret's Report and Recommendation (Doc. No. 10) to which there are no objections, and all available state court records, it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. No. 10) is **APPROVED and ADOPTED**;

2. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED with prejudice**;

3. A Certificate of Appealability shall **NOT ISSUE**.  See 28 U.S.C. § 2253(c)(1)(A); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

4. The **CLERK OF COURT** shall **CLOSE** this case.

**AND IT IS SO ORDERED**.

*/s/ Paul S. Diamond*

May 26, 2020                                                               Paul S. Diamond, J.

4